IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Tavis Coardes, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 2:16-3408-PMD-KDW |
| | ) | |
| v. | ) | Report and Recommendation |
| | ) | |
| Express Employment Professionals, | ) | |
| and Key Logistic Solutions, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

After stipulating to a voluntary dismissal without prejudice as to a prior employment suit

against Key Logistic Solutions, LLC, ("KLS"), *see* ECF No. 11 in 2:15-cv-02969, Plaintiff Tavis

Coardes ("Coardes" or "Plaintiff"), filed this employment action against KLS and Express

Employment Professionals[1] ("Express") on October 16, 2016, alleging race discrimination and

retaliation in violation of Title VII of the Civil Rights Act of 1964. Compl., ECF No. 1.[2] In

response to his Complaint, each Defendant filed a Motion to Dismiss. Express Mot., ECF No. 6;

KLS Mot., ECF No. 10. In response to these Motions, Plaintiff filed a memorandum in

opposition, ECF No. 16, and a Motion to Amend Complaint and Extend Time to Serve Summons

and Complaint ("Motion to Amend"), ECF No. 17. Although Plaintiff has not proffered a

proposed amended complaint, he only seeks to change on date in one allegation of his

Complaint. Plaintiff's arguments in the Motion to Amend address many of the issues raised in

---

[1] In responding to the court's interrogatories Defendant "Express Employment Professionals" advises it is properly identified as "Express Services, Inc." ECF No. 8 at 2; *see also* Express Mem. 1, ECF No. 6-1. Absent objection from any party, it is recommended the caption be changed to identify "Express Employment Professionals" as "Express Services, Inc." as the first-named party Defendant.

[2] Plaintiff brings Title VII claims against Express and KLS and seems to indicate he was employed by both entities. *See generally* Compl. Whether he was employed by both or one of these Defendants is not before the court at this time.

the Motions to Dismiss. In addition to filing replies in support of their Motions to Dismiss, ECF Nos. 19, 20, Defendants opposed Plaintiff's Motion to Amend on futility grounds, ECF Nos. 22, 23. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation ("Report") on the Motions to Dismiss and the Motion to Extend/Motion to Amend. In considering a futility challenge to a motion to amend, the court is effectively determining whether the proposed amended pleading "satisf[ies] the requirements of the federal rules." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 376 (4th Cir. 2008) (internal quotation marks omitted). Here, the parties advance virtually the same arguments in all pending motions. It follows that the undersigned's recommended rulings based on whether Plaintiff's request to amend should be denied as futile will mirror recommended rulings on Defendants' motion-to-dismiss challenges. Having reviewed the parties' submissions and the applicable law, the undersigned recommends Plaintiff's Motion to Extend Time for Service as to KLS be granted and his Motion to Amend Complaint be denied as futile. Because amendment would not cure Plaintiff's failure to file this Complaint within Title VII's 90-day limitations period, Plaintiff's action should be dismissed with prejudice as to both KLS and Express. *See Conner v. Nucor Corp.*, No. 2:14-CV-4145, 2015 WL 5785510, at *5 (D.S.C. Sept. 30, 2015) (noting dismissal with prejudice pursuant to Rule 12(b)(6) to be appropriate for claims as to which amendment would be futile).

I.     Applicable Law

A.     Rule 12(b)(1) and (b)(6)

When faced with a Rule 12(b)(1) challenge to the court's subject-matter jurisdiction, a plaintiff always bears the burden of demonstrating that subject matter jurisdiction properly exists in federal court. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647

(4th Cir. 1999). When a defendant challenges subject-matter jurisdiction pursuant to a Rule 12(b)(1) motion to dismiss, the court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004) (citing cases).

A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the court need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). The court need not accept legal conclusions couched as factual allegations, *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), or "legal conclusions drawn from the facts." *Monroe v. City of Charlottesville,* 579 F.3d 380, 385–86 (4th Cir. 2009) (internal quotation omitted).

Typically, "a defense based on the statute of limitations must be raised by the defendant through an affirmative defense, *see* Fed. R. Civ. P. 8(c), and the burden of establishing the affirmative defense rests on the defendant." *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007) (*en banc*). Courts generally do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). However, "in the relatively rare circumstances

where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense 'clearly appear [] *on the face of the complaint*.'" *Goodman,* 494 F.3d at 464 (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993) (emphasis added in *Goodman*); *accord Pressley v. Tupperware Long Term Disability Plan,* 533 F.3d 334, 336 (4th Cir. 2009).

Similarly, although the usual rule is that a court "may not consider any documents that are outside of the complaint, or not expressly incorporated therein," *Clatterbuck v. City of Charlottesville,* 708 F.3d 549, 557 (4th Cir. 2013), a court *may* properly consider documents "attached or incorporated into the complaint," as well as documents attached to the defendant's motion, "so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem' l Hosp.,* 572 F.3d 176, 180 (4th Cir. 2009); *see also Anand v. Ocwen Loan Servicing, LLC,* 754 F.3d 195, 198 (4th Cir. 2014); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 637 F.3d 435, 448 (4th Cir. 2011). To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains,* gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC,* 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original); *see also New Beckley Mining Corp. v. UMWA,* 18 F.3d 1161, 1164 (4th Cir. 1994) (holding district court did not err in relying on document that plaintiff referred to in its complaint to justify cause of action); *Bowie v. Univ. of Md. Med. Sys.*, No. CIV.A. ELH-14-03216, 2015 WL 1499465, at *6 (D. Md. Mar. 31, 2015) (granting Rule 12(b)(6) dismissal of plaintiff's ADA claim as time-barred and considering the EEOC Charge and Right to Sue Letter as being "integral" to the decision).

B.     Rule 15

Rule 15(a)(2) of the Federal Rules of Civil Procedure states, "The court should freely give leave [to amend] when justice so requires."  The Supreme Court has construed the phrase "when justice so requires" in Rule 15 to preclude granting leave to amend when any of the following are found to exist: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S.178, 182 (1962).

The Fourth Circuit Court of Appeals ("Fourth Circuit") instructs that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Pittston Co. v. United States,* 199 F.3d 694, 705 (4th Cir. 1999). Whether to grant leave to amend is committed to the court's discretion. *Foman*, 371 U.S. at 181. "[W]hile the trial court is given discretion to deny amendment, that discretion is limited by the interpretation given Rule 15(a) in *Foman* 'and by the general policy embodied in the Federal Rules favoring resolution of cases on their merits.'" *Island Creek Coal Co. v. Lake Shore, Inc.,* 832 F.2d 274, 279 (4th Cir. 1987) (citation omitted). Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir. 1986)) (emphasis in original).

When, as here, the defendant challenges the amendment on futility grounds, the Fourth Circuit has counseled that "[f]utility is apparent if the proposed amended complaint fails to state

a claim under the applicable rules and accompanying standards: '[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" *Katyle v. Penn Nat'l Gaming,* 637 F.3d 462, 471 (4th Cir. 2011) (alteration in original) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 376 (4th Cir. 2008)). Accordingly, the Rule 15(a) futility analysis "requires a preliminary assessment of the allegations of the proposed amendment in light of the substantive law on which the additional claims are based." *Kramer v. Omnicare ESC, LLC*, 307 F.R.D. 459, 463-64 (D.S.C. 2015). That stated, the court must bear in mind that "[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, conjecture about the merits of the litigation should not enter into the decision whether to allow amendment." *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir. 1980) (citation omitted).

In considering the sufficiency of a proposed amended complaint, the familiar Rule 12(b)(6) standard applies. *Bartley v. Wells Fargo Bank, NA*, No. CIV.A. 3:14-3814-CMC, 2015 WL 5158708, at *3 (D.S.C. Sept. 2, 2015). "A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The court measures the legal sufficiency by determining whether the complaint meets the Rule 8 standards for a pleading. *Id.* The Supreme Court considered the issue of well-pleaded allegations, explaining the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)). When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. at 94. The court is also to "'draw all reasonable inferences in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d at 440 (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). Although a court must accept all *facts* alleged in the complaint as true, this is inapplicable to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citation omitted). While legal conclusions can provide the framework of a complaint, factual allegations must support the complaint for it to survive a motion to dismiss. *Id.* at 679. Therefore, a pleading that provides only "labels and conclusions" or "naked assertion[s]" lacking "some further factual enhancement" will not satisfy the requisite pleading standard. *Twombly,* 550 U.S. at 555, 557. Further, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). At bottom, the court is mindful that a complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Coleman v. Md. Ct. of Apps.,* 626 F.3d 187, 190 (4th Cir. 2010) (internal quotation marks omitted).

II.    Analysis

Express seeks dismissal pursuant to Rules 12(b)(1) and (b)(6), arguing both that Plaintiff did not timely file his charge for race discrimination and retaliation with the U.S. Equal

Employment Opportunity Commission ("EEOC") and that Plaintiff's suit was not timely filed in this court. Express Mem., ECF No. 6-1. Also pursuant to Rules 12(b)(1) and (b)(6), KLS seeks dismissal on these same grounds after first seeking dismissal based on Plaintiff's failure to timely serve it with the Summons and Complaint.[3] KLS Mem., ECF No. 10-1. In opposing these challenges Plaintiff submits additional information that he seeks to present through amending his complaint.

A.      KLS's failure-to-serve challenge[4]

Rule 4 of the Federal Rules of Civil Procedure requires that a summons must be served with a copy of the complaint. *See* Fed. R. Civ. P. 4(c)(1). Service on the defendant be effected within 90 days after the complaint is filed. *See* Fed. R. Civ. P. 3, 4(m). However, if a defendant is not served within the requisite time period, the court may order that service be made within a specified time rather than dismiss the case. *See* Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure to serve, the court "must extend the time for service for an appropriate period." *Id.* (emphasis added). "The plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." *Elkins v. Broome,* 213 F.R.D. 273, 275 (M.D.N.C. 2003). A defendant may challenge the sufficiency of service of process and seek dismissal of the case under Rule 12(b)(5) of the Federal Rules of Civil Procedure.

KLS seeks dismissal for want of proper service of this litigation, arguing it has never properly been served with a summons and the Complaint in this matter. ECF No. 10-1 at 4-5 &

_____

[3] Motions alleging insufficient service of process are more appropriately brought pursuant to Rule 12(b)(5).
[4] Express does not challenge its service. *See* ECF No. 23 at 2 n.1.

n.3. KLS's counsel indicates he became aware of the litigation during a January 17, 2017 telephone call from counsel for Express. *Id.* at n.3.

KLS is correct that Rule 4(m) required that it be served within 90 days of October 16, 2016, the date Plaintiff filed his Complaint herein, and Plaintiff does not dispute it did not properly serve KLS within the 90-day period. Rather, as a portion of the relief requested in his pending Motion to Amend, ECF No. 17, Plaintiff looks to Rule 4(m) and moves to have the court permit it to serve KLS outside the 90-day period, *id.* at 2-4. In support of his request for extension, Plaintiff provides copies of returned certified mailings indicating KLS's agent for service registered with South Carolina's Secretary of State was no longer proper. *See* ECF No. 17-3. Plaintiff also submits that Rule 4(m)'s service period "recently" was changed from 120 days to 90 days. ECF No. 17-4. Plaintiff further notes that, although not actually served, KLS became aware of pending litigation. *Id.* Plaintiff submits this provides the "good cause" needed to obtain an extended service deadline.

KLS's response to Plaintiff's Motion to Extend Time to Serve Complaint and to Amend the Complaint does not re-address the service challenge.

Having considered the parties' arguments, and particularly in view of the facts that Plaintiff has demonstrated an effort to timely effect service on KLS and that KLS became aware of the litigation prior to any significant activity in the matter, the undersigned is of the opinion that Plaintiff has demonstrated good cause for failure to serve within 90 days. Further, given that both KLS and Express have briefed substantive issues concerning timeliness in their respective Motions to Dismiss and have filed substantive responses to Plaintiff's request to submit an amended complaint, principles of judicial economy makes it appropriate to grant Plaintiff's

request and move beyond this service challenge. Plaintiff's request that the service period be extended should be *granted*.

The language of Rule 4(m) contemplates that, when Plaintiff has shown "good cause for the delay" the court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Under the circumstances of this case, it is recommended that counsel consider an agreement waiving additional formal service. In the event KLS maintains the position it is to be served pursuant to the requirements of Rule 4(h), it is recommended such service be effected within 15 days of the district judge's order on this Report and be considered effected, nunc pro tunc, as of January 17, 2017, the date KLS counsel became aware of the litigation.

B.      Plaintiff's Motion to Amend Complaint: futility-based timeliness arguments

In seeking to amend, Plaintiff has not proffered a proposed amended complaint. Rather, he explains that the only amendment he seeks is to correct a clerical error in the Complaint that had misidentified the date he submitted a charge to the EEOC as to KLS. ECF No. 17. In the Complaint, Plaintiff pleaded that date as having been April 15, 2015. Compl. ¶ 8. In the request to amend, Plaintiff seeks to change that date to July 14, 2014, and he provides a copy of his right-to-sue letter from the EEOC in support. ECF No. 17-1. In the right-to-sue letter, the EEOC representative indicates Plaintiff had filed a charge of discrimination as to KLS on July 21, 2014.[5] ECF No. 17-1.

In response, both KLS and Express argue against the amendment on futility grounds. In short, they both submit that, even if the KLS Charge date were to be considered July 14, 2014—

---

[5] The undersigned notes, however, that Plaintiff did not proffer a copy of the charge itself. KLS provides a copy of the charge that seems to have been signed by Plaintiff on either February or March 2, 2015, and received by "EEOC-SL" on March 12, 2015. *See* ECF No. 19-1. This discrepancy does not impact the undersigned's recommended disposition, and, at any rate, such facts must be considered in the light most favorable to Plaintiff at this juncture.

the date Plaintiff's amendment seeks to change—the Complaint would remain subject to dismissal because that change does nothing to overcome Defendants' timeliness challenge as to when Plaintiff filed the instant action. Plaintiff did not file this action within 90 days of receiving the right-to-sue letters from the EEOC. *See* ECF Nos. 22, 23. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) ("Where the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied.").

As it must, the court considers all facts in the light most favorable to Plaintiff at this stage. Based on the information supplied in the EEOC right-to-sue letters, then, the undersigned accepts for purposes of analysis here that Plaintiff submitted his charge concerning KLS to the EEOC on July 14, 2014 and the charge concerning Express on July 21, 2014. With that in mind, the undersigned considers Title VII's exhaustion and time requirements and whether Plaintiff's claim here could survive a Rule 12 challenge. If it can, the amendment appropriately would be granted. If it cannot, denial of the motion to amend on futility grounds will be in order.

1.      Title VII Exhaustion Requirements

Before filing suit under Title VII, a plaintiff must exhaust his administrative remedies by bringing a charge with the EEOC. 42 U.S.C. § 2000e–5(f)(1); *see Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (citing 42 U.S.C. § 2000e–5(f)(1)). The filing of an administrative charge "is not simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005). Rather, "the charge itself serves a vital function in the process of remedying an unlawful employment practice." *Balas v. Huntington Ingalls Indus., Inc.,* 711 F.3d 401, 407 (4th Cir. 2013).

With respect to timing, Title VII establishes "two possible limitation periods for filing a discrimination charge with the EEOC." *Jones*, 551 F.3d at 300 (explaining that the basic limitations period is 180 days after the alleged unlawful employment practice, but can be extended to 300 days if state law proscribes the alleged employment practice and the charge is first filed with a state deferral agency); *see id.; see also Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 439 (4th Cir. 1998). South Carolina is a "deferral state" in which the 300-day limitations period applies in certain circumstances (such as this one in which a claim was filed with the state agency).[6] When a charge is filed with the EEOC in a deferral jurisdiction such as South Carolina, the EEOC must refer the charge to the deferral agency and typically must afford that agency "a reasonable time, but not less than sixty days" to act under the state law to "remedy the practice alleged." 42 U.S.C. § 2000e-5(d). After expiration of the deferral period, the EEOC must notify the employer against which the charge has been alleged, and the EEOC is to investigate the charge to determine whether reasonable cause exists to believe unlawful discrimination has taken place. 42 U.S.C. § 2000e-5(b). If the EEOC finds such reasonable cause, it is to "endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." *Id.* If conciliation is not successful, however, the EEOC may initiate litigation. 42 U.S.C. § 2000e-5(f)(1). Conversely, if the EEOC does not find reasonable cause exists, it must dismiss the charge. 42 U.S.C. § 2000e-5(b).

In the event the EEOC dismisses a charge of discrimination or if it has neither filed suit against the employer nor achieved a conciliation agreement within 180 days after either (1) the charge is filed, or (2) the 60-day reference period in a deferral jurisdiction expires, whichever is *later*, the EEOC must give notice to the complainant of the complainant's right to file suit. *See*

---

[6] Here, Defendants consider the 300-day limitation period for filing a charge with the EEOC to be applicable. *See* ECF No. 22 at 3 n.2; ECF No. 6-1 at 1.

42 U.S.C. § 2000e–5(f)(1). This notice to the complainant is commonly referred to as a "right to sue letter." *See generally EEOC v. Propak Logistics, Inc.*, 746 F.3d 145, 148 (4th Cir. 2014) (noting EEOC's "issuance of a 'right to sue' letter allows an individual to initiate a private Title VII lawsuit in federal court.") (citing *Davis v. N.C. Dept. of Corr.*, 48 F.3d 134, 138 (4th Cir. 1995)).

A complainant has 90 days to file suit in federal or state court after being notified of the right to sue. *See* 42 U.S.C. § 2000e–5(f)(1). The Fourth Circuit Court of Appeals has defined "receipt of, or at least entitlement to, a right-to-sue letter" as a "jurisdictional prerequisite that must be alleged in a plaintiff's complaint." *Davis,* 48 F.3d at 140 (citing *United Black Firefighters of Norfolk v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979)). That noted, the requirement of filing suit within 90 days of receipt of a right-to-sue letter is non-jurisdictional and is subject to equitable tolling. *See Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 F. App'x 314, 320-21 (4th Cir. 2011) (noting in ADA context that the "90-day filing requirement is "not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." (quoting *Laber v. Harvey,* 438 F.3d 404, 429 n.25 (4th Cir. 2006) (internal quotation omitted)); *cf. Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (noting the timely filing of an administrative charge "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.").[7]

### 2. Potentially relevant dates

In their Motions to Dismiss, KLS and Express raise two timeliness challenges—one as to Plaintiff's submission of his charge to the EEOC and another as to Plaintiff's allegedly untimely

---

[7] Because whether a charge or suit was *timely* filed is not jurisdictional, the court considers it pursuant to Rule 12(b)(6), not Rule 12(b)(1).

filing suit in this court after receiving the right-to-sue letters from the EEOC. In opposing Plaintiff's Motion to Amend, Defendants focus only on the timeliness issue of filing suit in this court, effectively and appropriately conceding that, using the dates Plaintiff now proffers as the dates the charges were filed, those charges were timely filed with the EEOC. Accordingly, the court focuses on Defendants' argument that this matter should be dismissed as untimely because Plaintiff did not file suit within 90 days of receiving the right-to-sue letters from the EEOC.

Considering all facts in the light most favorable to Plaintiff here, the court considers the following potentially relevant dates:

| | |
|---|---|
| May 12, 2014 | Plaintiff was "'fired', under the pretext of violating the personal protective equipment policy and for leaving work early." Compl. ¶ 21.[8] |
| July 14, 2014 | Plaintiff filed an EEOC charge against KLS. *See* ECF No. 17-1. |
| July 21, 2014 | Plaintiff filed an EEOC charge against Express. *See* ECF No. 17-2. |
| April 29, 2015 | Date of EEOC's right-to-sue letter as to KLS charge. ECF No. 17-1. Presumed to have been received within three days, according to Plaintiff. *See* ECF No. 16 at 3; *see also Crabill*, 432 F. App'x at 321 (noting law presumes receipt within three days). As the third day is a weekend day, that makes the presumed date-of-receipt by Plaintiff *May 4, 2015*, the next non-holiday weekday. |
| May 20, 2015 | Date of EEOC's right-to-sue letter as to Express charge. ECF No. 17-2. Presumed to have been received within three days, according to Plaintiff. *See* ECF No. 16 at 4. As the third day is a weekend day, that makes the presumed date-of-receipt by Plaintiff *May 26, 2015*, the next non-holiday weekday. |
| July 28, 2015 | Plaintiff filed complaint in first federal suit against KLS only. *See* ECF No. 1 in 2:15-2969-PMD-MGB. |
| <u>August 3, 2015</u> | Ninetieth non-holiday weekday after Plaintiff's presumed receipt of the right-to-sue letter as to his claim against KLS. (*Approximate last day for Plaintiff to timely file federal complaint against KLS*.) |

---

[8] As there is no proposed amended complaint, the undersigned refers to the currently operative Complaint, noting the changed date Plaintiff seeks in his Motion to Amend.

| | |
|---|---|
| August 25, 2015 | Ninetieth non-holiday weekday after Plaintiff's presumed receipt of the right-to-sue letter as to his claim against Express. (*Approximate last day for Plaintiff to timely file federal complaint against Express*.) |
| November 18, 2015 | Counsel for Plaintiff and KLS execute a Stipulation of Voluntary Dismissal without Prejudice pursuant to Rule 41(a) entered into by Plaintiff and KLS. ECF No. 11 in 2:15-2969-PMD-MGB. That case dismissed without prejudice (stipulation docketed and case closed on November 19, 2015). |
| October 16, 2016 | Plaintiff filed instant Complaint against KLS and Express. ECF No. 1. |

3.     Plaintiff's Complaint is barred by the 90-day limitations period

Without question, Plaintiff did not file the instant Complaint until well over 90 days after Plaintiff's April and May 2015 receipt of the EEOC's right-to-sue letters. Accordingly, on the face of the undisputed dates Plaintiff's Complaint should be dismissed as to both KLS and Express. *See Mann v. Standard Motor Prods.*, 532 F. App'x 417 (4th Cir. 2013) ("A claimant who fails to file a complaint within the ninety-day statutory time period mandated by Title VII generally forfeits his right to pursue his claims.").

a)     KLS

In arguing against KLS's timeliness challenge, Plaintiff focuses on whether he timely filed his EEOC charge. *See* ECF No. 16 at 4, 6-7. Plaintiff notes he had filed the first lawsuit against KLS in July 2015, entered into a stipulation of dismissal without prejudice as to that suit, and "[o]n October 16, 2016, *within one year of the voluntary dismissal*, Plaintiff filed the present action. *Id.* at 4 (emphasis added). Plaintiff does not explain why he believes the one-year-after-voluntary-dismissal filing date is important. Rather, Plaintiff argues that he has "at least" established a genuine issue of fact as to the dates of the right-to-sue letters, asking that the matter not be dismissed based on such a scrivener's error. *See* ECF No. 16 at 7; *id.* ("Given that

Plaintiff has presented evidence of the true date of the Right to Sue letters, the Motions should be dismissed.").

As noted above, in considering the timeliness issues before it, the court considers the amended dates as proffered by Plaintiff in his Motion to Amend. Here, though, Plaintiff conflates the dates by which he filed his KLS charge with the EEOC (which is disputed and addressed above) with the date he received the EEOC's right-to-sue letter (which is not disputed). In Plaintiff's Complaint, he avers the EEOC issued a right-to-sue letter as to KLS on April 29, 2015. Compl. ¶ 9. In seeking amendment, Plaintiff does not seek to change that date. Further, Plaintiff attaches a copy of the Right-to-Sue letter as to KLS, and it is dated April 29, 2015. ECF No. 17-1 at 2. Using April 29, 2015 as the date of the Right-to-Sue letter, Plaintiff's October 2016 Complaint in this matter was not timely filed. It is recommended this matter be dismissed with prejudice as to KLS, as no amendment could cure this defect.

The analysis could appropriately end here as Plaintiff has not provided any legal analysis as to how the October 2016 Complaint should be considered timely as to KLS. It is not the court's place to make additional arguments for the parties. *Cf. United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Nonetheless, based on Plaintiff's single statement that he filed the instant Complaint "within one year" of the November 2015 dismissal of the earlier federal action, KLS supposes Plaintiff "believes his refiled lawsuit was timely pursuant to operation of the South Carolina Savings Statute." ECF No. 19 at 3-4 (citing Rule 40(j), SCRCP)," and argues the state Savings Statute is inapplicable in this federal matter, *id*. Plaintiff did not seek to provide additional argument on this point by way of a surreply or by addressing the issue in a reply as to his motion to amend.

The "savings statute," is found in the South Carolina Rules of Civil Procedure, permits a party (usually a plaintiff) to "strike its complaint" or other pleading if the adverse party agrees in writing that the claim may be stricken and, if "restored upon motion made within 1 year of the date stricken, the statute of limitations shall be tolled as to all consenting parties during the time the case is stricken, and any unexpired portion of the statute of limitations on the date the case was stricken shall remain and begin to run on the date that the claim is restored." Rule 40(j), SCRCP.

The undersigned agrees with KLS that Rule 40(j), SCRCP, is inapplicable here and does not render Plaintiff's suit timely filed. As an initial matter, Rule 40(j) is found in South Carolina's procedural rules, and there is no analogous federal rule. Further, as the Fourth Circuit has held, the "ninety-day statute of limitations period for Title VII actions is not tolled because the initial action was dismissed without prejudice." *Mann*, 532 F. App'x at 418. Additionally, when a plaintiff "voluntarily dismisses a lawsuit governed by a federal statutory limitations period, the state savings statutes do not apply." *Id.* (considering Virginia savings statute).

Permitting Plaintiff to file the amended complaint he contemplates would not remedy Plaintiff's failure to timely file this action against KLS. Plaintiff cannot survive KLS's Rule 12(b)(6) challenge as to timeliness; Plaintiff's claims against KLS should be dismissed with prejudice.[9]

b)    Express

In response to Defendants' Motions to Dismiss, Plaintiff admits he did not file a federal complaint against Express within the 90-day period after his receipt of the EEOC's May 2015

---

[9] To the extent it could be construed that Plaintiff seeks the court's equitable tolling of the 90-day limitations period as to KLS, such a request should be denied for the same reasons discussed within as to Express. Plaintiff has not offered any substantive argument of this nature, nor do the circumstances suggest to the undersigned that such relief would be appropriate.

right-to-sue letter. ECF No. 20 at 8. Plaintiff explains that, when he filed the first federal action in July 2015, he filed it only as to KLS based on the "very confusing employment situation" concerning whether he was employed by KLS, Express, or both. *Id.* With unadorned citation to two cases concerning equitable tolling and no legal analysis, Plaintiff "respectfully requests that the court employ its equitable powers to toll the time for filing based on this very confusing employment situation." *Id.* at 7-8.

Express replies that Plaintiff's employer-confusion is not sufficient reason to excuse the tardy filing, nor has Plaintiff otherwise presented any argument to support his request that the 90-day deadline for filing in this court be tolled in this matter. *See* ECF No. 20. The undersigned agrees.

The United States Supreme Court has "interpreted Title VII's requirement that suits be filed within 90 days of receiving a notice of right to sue from the Equal Employment Opportunity Commission to be subject to tolling in appropriate circumstances." *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 439 (1990) (citing *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983)). However, the Fourth Circuit has explained that the doctrine is to be used sparingly. In *Harris v. Hutchinson*, the court explained as follows:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

209 F.3d 325, 330 (4th Cir. 2000). In *Coleman v. Talbot County Detention Center*, 242 F. App'x 72, (4th Cir. 2007), the court explained that a plaintiff seeking such equity as to Title VII's 90-

day limitations period must "'present (1) extraordinary circumstances, (2) beyond [his] control or external to [his] own conduct, (3) that prevented [him] from filing on time.'" 242 F. App'x 74 (quoting *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (alteration added)).

Here, Plaintiff's failure to set out cogent legal analysis explaining how he satisfies these strict equitable-tolling criteria could, alone, be sufficient to decline to exercise tolling. In addition, as argued by Express, Plaintiff cannot show "extraordinary circumstances" that were beyond his control or external to his conduct or that those circumstances prevented him from filing on time. Rather, Plaintiff suggests only that his failure to timely file this Complaint was occasioned by his "very confusing employment situation" that led him to believe he had "started working for Express Pros and was later employed by Key Logistics." ECF No. 16 at 8. Because as of May 20, 2015 he had that impression, he filed the first federal suit against KLS only. *Id.* As the Court made clear in *Sosa*, "ignorance of the law is not a basis for equitable tolling." 364 F.3d at 512.

Plaintiff has offered no reason his mistaken impression was caused by external circumstances that kept him from filing on time. Further, even accepting Plaintiff's premise that he had filed the first federal action in a timely manner as to KLS, because that suit was dismissed and cannot be "revived," whether it was timely does not solve all of Plaintiff's timeliness issues. Plaintiff still failed to file *this* action within 90 days of receiving a right-to-sue letter. At bottom, Plaintiff simply has not convinced the court that the 90-day limitations period should be equitably tolled.

Plaintiff received the EEOC's Right-to-Sue letter as to Express in May 2015. He did not file this suit until October 2016. The undersigned recommends a finding that any amendment of his Complaint would be futile because this matter was not timely filed, nor should the limitations

statute be equitably tolled. Plaintiff cannot survive Express's Rule 12(b)(6) challenge as to timeliness; Plaintiff's claims against Express should be dismissed with prejudice.

4.      Other arguments raised in Defendants' Motions to Dismiss

As noted above, in responding to Plaintiff's Motion to Amend, both KLS and Express focus on Plaintiff's failure to timely file this federal action rather than focusing on whether Plaintiff had timely filed his charges with the EEOC. Based on the above recommendation, whether he timely filed his EEOC charges need not be considered herein.

C.      KLS's request for costs and fees

As a part of its Motion to Dismiss, KLS argues it is entitled to costs and attorneys' fees as to Plaintiff's "frivolous action." *See* ECF No. 10-1 at 8-9. Because Plaintiff has brought this second federal action against it, one that suffers the same timeliness infirmities as the 2015 action, KLS submits this action is "frivolous" and entitles it to costs and fees. Similarly, in concluding its response to Plaintiff's Motion to Amend, KLS also "requests that it be awarded its costs and attorneys' fees incurred in responding to Plaintiff's Motion to Amend." ECF No. 22 at 4.

Other than setting out the procedural history of both actions and noting the similar legal arguments, KLS does not explain or analyze under what authority it seeks fees and costs. On this record, the undersigned is of the opinion that KLS has not demonstrated entitlement to fees and costs. In the course of seeking amendment of the instant Complaint and defending against dispositive motions, Plaintiff has provided some evidence of a different EEOC charge date. In addition to offering that different information, Plaintiff explains his (mistaken) belief that he was

entitled to re-start the prior federal litigation. It is recommended that the court decline to award KLS fees and costs at this time.[10]

III.    Conclusion and Recommendation

Based on the foregoing, it is recommended that Plaintiff's Motion to Extend Time to Serve Summons and Complaint, first portion of ECF No. 17, be *granted* and service be considered to have been effected as of January 17, 2017; and Plaintiff's Motion to Amend, second part of ECF No. 17, be *denied as futile*. These recommendations address Defendants' timeliness challenges, making further consideration of their Motions to Dismiss unnecessary. The Motions to Dismiss, ECF Nos. 6 and 10, may be denied as moot. To the extent the district court chooses to consider KLS's request for costs and fees at this juncture, it is recommended the request be denied without prejudice.

It is further recommended that the caption of this matter be amended to reflect the proper name of Defendant Express as "Express Services, Inc."

IT IS SO RECOMMENDED.

May 30, 2017                                     Kaymani D. West
Florence, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[10] In his discretion, the district judge assigned to this case may deny this request without prejudice at this time and permit KLS to file a stand-alone motion for costs and fees.